IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE MILLER,**
                    **Plaintiff,**

**v.**                                                                **Civil Action No.: 1:06cv64**

**SHERIFF JIM JACK, SHERIFF'S
DEPARTMENT OF HARRISON COUNTY,
BAILIFF J. R. MOORE, and
OFFICER JIM MILES,**
                      **Defendants.**

## ORDER/OPINION

On the 28th day of February 2007, Plaintiff *pro se* Eugene D. Miller filed a "Motion to Enter into the Court Record for Honorable Judge Irene M. Keeley to Review a Second 'IME' Before the Deadline of March 1st, 2007 as Imposed by the Court and to Request that a 'Competent Forensic Psychologist that is Impartial & Independent' out of the Area, Who Knows None of the Parties to this Litigation to Give IME Testings to All Parties Involved with Those Failing Their IME Test Having to Pay for Their Own" (Docket Entry 59). Plaintiff's motion also requests additional time be given to allow said Forensic Psychologist "to give 'IME' exams on all parties in this litigation."

Defendants filed their "Response to Plaintiff's Motion to Require a Second 'IME'" on March 2, 2007 (Docket Entry 61).

In support of his Motion, Plaintiff states:

Licensed Psychologist Nelson Alpaugh, Ph.D. has suggested some of the above after examining me and providing the court with his findings. Mr. Marty Levin has only a "MA" degree which is the bare minimum in the field of Psychology. Dr. Alpaugh pointed out a serious mistake that was made by Mr Levin in his "Axis Grading" and some other area's of concerns were expressed by DR Nelson Alpaugh of MR Levin's IME work on me. He feels a "Forensic Psychologist" would be appropriate for all parties involved in this litigation to be given a "IME" as explained in his letter and my above Motion request.[1] This would involve the Extension of Time for "IME" results

---

[1] Dr. Alpaugh's actual recommendation is as follows:

to gather this additional information which I humbly request by the court to consider and act upon. [sic].

Plaintiff attached to his Motion a "Brief Psychological Report" completed by Licensed Psychologist Nelson S. Alpaugh, Jr., Ph,D.

Upon review of Plaintiff's Motion the Court finds it contains three separate requests: 1) A request that the Court enter "a second IME" into the record for the District Judge to review; 2) IME's of all parties involved in the litigation; and 3) Additional time to allow for the IME exams on all parties.

Defendants in their Response interpret Plaintiff's Motion as "requesting that the Defendants hire another expert witness to do an IME of the Plaintiff" and "additional time to do an IME of all the parties in the litigation."

The Court interprets the first part of Plaintiff's motion differently than do Defendants, and believes Plaintiff is requesting the attached Brief Psychological Report by Dr. Alpaugh be entered into the Court record for the District Judge to review. Under this interpretation, the Court finds Plaintiff's Motion premature. Discovery is not filed with the Court, and the Court does not review discovery outside of its review of a motion. This does not mean that Plaintiff is precluded from using Dr. Alpaugh's report in this case. The Court does not advise or suggest any particular use for the report. In fact, Plaintiff has filed a separate motion to name Dr. Alpaugh as an expert witness, which the

---

Because of the time limits it was not possible for me to complete a full and complete psychological evaluation on Mr. Miller. The results of the first test are somewhat circumspect and my testing because of time limits was abbreviated in nature. It is recommended that a thorough and extensive evaluation be completed by a competent forensic psychologist who would gather all information from all parties and write a comprehensive report. Adequate time should be allowed for this evaluation and it should be completed by an impartial and independent person who knows none of the parties to this litigation.

Court addresses separately. The Court therefore finds Defendant's Motion to enter the 2nd IME into the record premature and **DENIES** that part of the motion without prejudice.

Under Defendants' alternative interpretation, Plaintiff is requesting Defendants hire another expert for a second IME <u>of Plaintiff</u> at their expense. Although the Court does not agree with this interpretation, the Court will nevertheless address it. Defendants sought an IME of Plaintiff which was performed by psychologist Martin Levin. There is no basis for the Court to order Defendants to have a second IME of Plaintiff performed. This portion of the Motion, as Defendants interpret it, must therefore be **DENIED**.

The Court notes that Plaintiff is proceeding *pro se* in this matter, and may mistakenly believe the Court's deadline for IME's controls his own examination by a doctor or psychologist of his own choosing at his own expense. The Court's deadline for IME's is for a party requesting an IME of <u>another</u> party pursuant to F.R.Civ. P. 35. Plaintiff should be aware, however, that if he wishes a doctor or psychologist of his own choice to be identified as a witness, especially as an expert witness, or if he wishes to reference that doctor's examination in a dispositive motion or response to a dispositive motion, he must meet the deadlines and rules applicable to those items.

Regarding the second request in Plaintiff's Motion, both the Court and Defendants apparently agree that Plaintiff is requesting IME's of "all the parties to this litigation." The Court refers Plaintiff to F.R.Civ.P. 35(a), which provides in pertinent part:

> When the mental or physical condition . . . of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown . . . .

Upon a review of the pleadings the Court finds that no party with the exception of Plaintiff

has placed that party's mental or physical condition in controversy. Plaintiff placed his own mental condition in controversy by claiming damages for, among others, fear and trauma due to acts of Defendants. No other party has alleged any damages nor has any claimed any mental or physical condition as a defense. The Court therefore finds that no other party's mental or physical condition is in controversy and Plaintiff has not shown the required good cause for the Court to order any other party to submit to an IME. Plaintiff's Motion for "IME" testing of all parties involved is therefore **DENIED**.

Because the Court has denied all of Plaintiff's requests for IME's, there is no need for an extension of time to perform IME's. Plaintiff's Motion for "additional time . . . to allow the Forensic Psychologist to give 'IME' exams on all parties . . ." is therefore also **DENIED**.

For docketing purposes, Plaintiff's "Motion to Enter into the Court Record for Honorable Judge Irene M. Keeley to Review a Second 'IME' Before the Deadline of March 1st, 2007 as Imposed by the Court and to Request that a 'Competent Forensic Psychologist that is Impartial & Independent' out of the Area, Who Knows None of the Parties to this Litigation to Give IME Testings to All Parties Involved with Those Failing Their IME Test Having to Pay for Their Own" (Docket Entry 59) is **DENIED**.

IT IS SO **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and Plaintiff *pro se*.

Dated: March 6, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE