IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EUGENE MILLER,
    Plaintiff,

v.             Civil Action No.: 1:06cv64

SHERIFF JIM JACK, SHERIFF'S
DEPARTMENT OF HARRISON COUNTY,
BAILIFF J. R. MOORE, and
OFFICER JIM MILES,
    Defendants.

## REPORT AND RECOMMENDATION/OPINION

On the 14th day of March 2007, Plaintiff pro se Eugene D. Miller filed a "Motion to File a Supplemental Complaint to Add to the Original Complaint of 'Charges of Perjury and Obstruction of Justice by Sheriff Jim Jack'" (Docket Entry 68). On March 23, 2007, Defendants filed their Response to Plaintiff's Motion (Docket Entry 71). On March 28, 2007, Plaintiff filed a "Letter to the Federal Judge in Response to Mr. Boyd Warner's Letters Dated 23 Mar 07" (Docket Entry 75), which the Court construes as a Reply. The undersigned finds the issues are not complex and therefore do not require a hearing.

Plaintiff argues that Defendant Jim Jack's answers to various interrogatories are false. He therefore moves the Court to permit him to supplement his complaint to add charges of perjury and obstruction of justice. The undersigned construes Plaintiff's motion as a Motion to Supplement his Complaint under F.R.Civ.P. 15(d), which provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement for a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

In Franks v. Ross, 313 F.3d 184 (4th Cir. 2002), the Fourth Circuit found:

A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint . . . .

This distinction is of little practical significance, however, because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where "good reason exists ..., such as prejudice to the defendants." *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir.2001) (internal quotation and citation omitted); *see also Bates v. W. Elec.*, 420 F.Supp. 521 (E.D.Pa.1976). In addition, we review both a denial of leave to amend and a denial for leave to supplement for abuse of discretion. *See Rowe v. United States Fid. & Guar. Co.*, 421 F.2d 937 (4th Cir.1970); *Edwards v. City of Goldsboro*, 178 F.3d at 242; *see also Burns v. Exxon Corp.*, 158 F.3d 336 (5th Cir.1998).

Despite the statement that leave should be freely granted, "[a] court may refuse to allow leave to amend pleadings when the proposed changes would be futile." New Beckley Min. Corp. v. International Union, United Mine Workers of America, 18 F.3d 1161 (4th Cir. 1994). See also Pangburn v. Culbertson, 200 F.3d 65 (2d Cir. 1999)(["f]utility" is a valid reason for denying a motion to amend . . . where it is "beyond doubt that the plaintiff can prove no set of facts in support" of his amended claims.) The undersigned finds in this case that Plaintiff's proposed supplemental pleadings would be futile. Plaintiff moves for leave to supplement to add "charges of perjury and obstruction of justice . . . ." Perjury and obstruction of justice are crimes and do not give rise to a civil cause of action. See Griffiths v. Siemens Automotive, L.P., 43 F.3d 1466 (4th Cir. 1994)(unpublished)(there is no civil cause of action for subornation of perjury);[1] see also Luckett v. Bure, 290 F.3d 493 (2d Cir. 2002) ([P]erjury . . . [is a] crime[] and therefore do[es] not give rise to [a] civil cause[] of action"); Garay v. U.S. Bancorp, 303 F.Supp. 2d 299 (E.D.N.Y 2004)(Because obstruction of justice is a criminal matter, there is no private cause of action.)

The undersigned finds that Plaintiff has "failed to allege, and this Court is unable to find, any basis in law for a civil cause of action for perjury [or obstruction of justice]" Griffiths, supra. The

---

[1] A copy of Griffiths is attached pursuant to CTA4 rule 36(c).

undersigned United States Magistrate Judge therefore recommends Plaintiff's "Motion to File a Supplemental Complaint to Add to the Original Complaint of 'Charges of Perjury and Obstruction of Justice by Sheriff Jim Jack'" be denied.

## RECOMMENDATION

For all the above-stated reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Plaintiff's "Motion to File a Supplemental Complaint to Add to the Original Complaint of 'Charges of Perjury and Obstruction of Justice by Sheriff Jim Jack'"(Docket Entry 68) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Opinion/Report and Recommendation to the pro se petitioner and any counsel of record.

DATED: March 28, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

Westlaw

43 F.3d 1466                                                                                                Page 1

43 F.3d 1466, 1994 WL 645433 (C.A.4 (Va.))
**(Cite as: 43 F.3d 1466)**

**H**
Griffiths v. Siemens Automotive, L.P.C.A.4 (Va.),1994.This case was not selected for publication in the Federal Reporter.UNPUBLISHEDPlease use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)
United States Court of Appeals, Fourth Circuit.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
SIEMENS AUTOMOTIVE, L.P.,
Defendant-Appellee,
and Brenda LIVELY, Defendant.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
James P. McELLIGOTT, Defendant-Appellee.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
Brenda LIVELY; SIEMENS AUTOMOTIVE,
L.P., Defendants-Appellees.
**Nos. 92-2118, 93-1071, 93-1350.**

Submitted April 23, 1993.
Decided Nov. 16, 1994.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-92-28-4, CA-92-160, CA-93-30-4)

John A. Griffiths, appellant pro se.
James Patrick McElligott, Jr., McGuire, Woods, Battle & Boothe, Richmond, VA, for appellee.
E.D.Va.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN NO. 92-2118, AFFIRMED IN NOS. 93-1071 and 93-1350.

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

OPINION
PER CURIAM:
*1 In No. 92-2118, *Griffiths v. Siemens Automotive,* John A. Griffiths appeals from the district court's grant of summary judgment in favor of the Defendant Siemens Automotive, L.P. (Siemens), in Griffiths' suit pursuant to the Employee Retirement Income and Security Act, 29 U.S.C.A. §§ 1001-1461 (West 1985 & Supp.1992) (ERISA). The district court also dismissed Defendant Brenda Lively, finding that she was not a fiduciary with respect to the employer plans at issue. Griffiths did not contest Lively's non-fiduciary status prior to judgment, and does not raise the issue of her dismissal from the suit on appeal.[FN1] Because the district court did not err with respect to dismissing Lively or with respect to granting summary judgment on the long-term disability plan, we affirm those portions of the judgment. However, because the district court erred with respect to its judgment on Griffiths' claim that Siemens violated ERISA with respect to its optional accident plan, we vacate that portion of the judgment and remand for further proceedings.

In No. 93-1071, *Griffiths v. McElligott,* Griffiths appeals from the district court's order dismissing his action as frivolous. Griffiths filed a **complaint** subsequent to the disposition of his ERISA action and alleged before the district court that Lively's attorney, James P. McElligott, had suborned **perjury** in his attempt to have Lively dismissed from the ERISA action. The district court dismissed Griffiths' second action as frivolous. Because there is no civil cause of action for the subornation of perjury, we affirm that dismissal.

In No. 93-1350, *Griffiths v. Lively,* Griffiths appeals from the district court's order dismissing his action as frivolous. Griffiths filed a **complaint** subsequent to the disposition of his other two actions and alleged that Lively and Siemens had perjured themselves or suborned **perjury.** The district court dismissed Griffiths' third action as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

frivolous. Because there is no civil cause of action for the claims made, we affirm that dismissal.

I.

The material facts in No. 92-2118 are not in dispute with respect to the long-term disability plan. Griffiths was suspended from employment on June 5, 1990. He was terminated on June 11, and received notice of his termination on June 13. Griffiths alleged that the medical treatment leading to his current disability began on June 15, while Siemens asserts that, if his medical treatment led to the disability, the disability began on June 19. Even crediting Griffiths' assertion with respect to the dates, he was not entitled to receive benefits under the long-term disability plan.

The plan expressly denied benefit eligibility to those employees who were not in "active service" as of the date of their disability.FN2 Because he had been suspended on June 5 and terminated as of June 13, Griffiths was not in active service even on June 15, the day he alleged his disability arose. Further, the plan expressly stated that long-term disability benefits terminated at the time employment terminated. The district court did not err in granting summary judgment as to the long-term disability plan claim.

*2 The district court did, however, err with respect to the accident plan claim. Griffiths was still covered by the accident plan at the time his disability arose. The district court found that Griffiths could not claim benefits from this plan because his alleged "accident" leading to disability consisted of mistreatment in the course of the illness for which he originally went to the hospital on June 15 or 19. The district court, citing *Senkier v. Hartford Life & Accident Ins. Co.*, 948 F.2d 1050 (7th Cir.1991), reasoned that medical or surgical mistreatment could not be defined as an accident.

However, this Court has expressly held to the contrary in *Whetsell v. Mutual Life Ins. Co.*, 669 F.2d 955 (4th Cir.1982), where we said that "[a]n accident is an unintended occurrence. If such happens during medical treatment, it is still an accident." *Id.* at 957. The plaintiff in *Whetsell* was unable to recover benefits because his accident policy expressly excluded medical accidents. Such may be Griffiths' case; however, the record is insufficient to find so, and we express no opinion as to the ultimate success of the claim. We simply hold that the district court improperly based summary judgment on a definition contrary to controlling law in this circuit. For this reason, we must vacate that portion of the district court's order. The case is remanded for proceedings consistent with this opinion.

II.

Griffiths' second suit, No. 93-1071, alleged the subornation of perjury, a criminal offense under 18 U.S.C. §§ 1622, 1623 (1988). Griffiths' third suit, No. 93-1350, alleged the same facts but named different defendants. Griffiths failed to allege, and this Court is unable to find, any basis in law for a civil cause of action for perjury or the subornation of perjury. Therefore, we hold that the district court was correct in dismissing these actions as frivolous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

No. 92-2118-*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

No. 93-1071-*AFFIRMED*

No. 93-1350-*AFFIRMED*

FN1. Although Griffiths did not raise the issue, due to his pro se status, we have independently reviewed the dismissal of Lively. The district court did not err in finding Lively non-amenable to suit under ERISA, as a result of her non-fiduciary position. *See* 29 U.S.C.A. § 1132(d)(2); 1104; 20 C.F.R. § 2509.75-8 Q & A D-2 (1992).

FN2. Active service is defined in the plan

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

43 F.3d 1466 Page 3

43 F.3d 1466, 1994 WL 645433 (C.A.4 (Va.))
**(Cite as: 43 F.3d 1466)**

        as performing the regular duties of one's work on a full time basis on an employer's scheduled workday or, if not a scheduled workday, having been in active service on the preceding scheduled workday.

C.A.4 (Va.),1994.
Griffiths v. Siemens Automotive, L.P.
43 F.3d 1466, 1994 WL 645433 (C.A.4 (Va.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.