IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EUGENE MILLER,

        Plaintiff,

v.                                                                    Civil Action No.: 1:06cv64

SHERIFF JIM JACK, SHERIFF'S
DEPARTMENT OF HARRISON COUNTY,
BAILIFF J. R. MOORE, and
OFFICER JIM MILES,

        Defendants.

## ORDER/OPINION

On the 15th day of March 2007, Plaintiff *pro se* Eugene D. Miller filed a "Motion to Request that the Court Reconsider Polygraph Questions, Answers, Results to be Allowed and Used into Evidence . . . ." and "Motion to Allow Mr. Richard Sheldon as My Expert Witness with his Findings" (Docket Entry 69). On March 23, 2007, Defendants filed their Response to Plaintiff's Motion (Docket Entry 73). On March 28, 2007, Plaintiff filed a "Letter to the Federal Judge in Response to Mr. Boyd Warner's Letters Dated 23 Mar. 07" (Docket Entry 75), that the Court construes as a Reply. The Court finds the matter is not complex and does not require a hearing.

In his Motion, Plaintiff argues that the polygraph questions, answers and results from his own polygraph test taken in January 2007, be admitted into evidence in this civil matter "in light of recent court rulings and the superior advancements that have been made since the original 1923 Frye decision Scientific Evidence Ruling."  Plaintiff further argues:

> The U.S. Gov't and it's [sic] Agencies, example Homeland Security, FBI, Secret Service, etc all utilize Polygraphs. My original Sept 2005 trial cost me 50,000 dollars due to perjury [sic] statements made by Sheriff Jim Jack on the witness stand and has harmed my credit history for life.

Plaintiff attaches summaries of a United States Supreme Court decision, <u>Wyrick v. Fields</u>, 459

U.S. 42, 103 S. Ct. 394, 74 L. Ed. 2d 214 (1982), and several Circuit Courts of Appeals decisions, as well as assorted publications in support of his argument. Plaintiff's argument must fail, however, because the Fourth Circuit has long held and still holds that polygraph evidence is inadmissible. See U.S. v. Prince-Oyibo, 320 F.3d 494 (4th Cir. 2003). In Prince-Oyobo, the arguments for the admission of the polygraph results were strikingly similar to those advanced by Plaintiff here. Prince-Oyibo, a criminal defendant, recognized that the Fourth Circuit had previously held that polygraph evidence was per se inadmissible, but maintained, as does Plaintiff here, that "recent advances in polygraph testing have rendered it sufficiently reliable for admission under the standard enunciated by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed. 2d 469 (1993)." Id. at 497.

The Fourth Circuit first noted that, prior to Daubert, it had consistently maintained a per se rule that polygraph test results were not admissible to bolster or undermine credibility. Id. The court then recognized that several other circuit courts, in particular the Fifth and Ninth Circuits, had held that Daubert had effectively overturned their per se bars. Id. (citing U.S. v. Cordoba, 104 F.3d 225 (9th Cir. 1997) and U.S. v. Posado, 57 F.3d 428 (5th cir. 1995)). Significantly, Plaintiff's attachments include those same Fifth and Ninth Circuit cases. Nevertheless, the Fourth Circuit concluded that the result of polygraph tests remained inadmissible in this circuit.

Plaintiff's "Motion to Request that the Court Reconsider Polygraph Questions, Answers, Results to be Allowed and Used into Evidence . . . ." (Docket Entry 69) is therefore **DENIED**.

Defendants did not object to Plaintiff's Motion to Allow Richard Sheldon as a Witness; however, Mr. Sheldon is the polygraph examiner who conducted the polygraph examination, the results of which Plaintiff moved the Court to admit into evidence. Because the Court holds the polygraph evidence is inadmissible, it follows that Mr. Sheldon's testimony and his findings are also inadmissible

as evidence at trial in this matter. Plaintiff's "Motion to Allow Mr. Richard Sheldon as my Expert Witness with his Findings" (Docket Entry 69) is therefore also **DENIED**.

IT IS SO **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and Plaintiff pro se.

Dated: March 28, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE