IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE MILLER,**

        **Plaintiff,**

v.                                    **CIVIL ACTION NO. 1:06cv64**
                                          **(Judge Keeley)**

**SHERIFF JIM JACK, SHERIFF'S
DEPARTMENT OF HARRISON COUNTY,
BAILIFF J.R. MOORE, and
OFFICER JIM MILES,**

        **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION
## TO FILE A SUPPLEMENTAL COMPLAINT

On March 14, 2007, the pro se plaintiff, Eugene Miller ("Miller"), filed a "Motion to File a Supplemental Complaint to Add to the Original Complaint Charges of Perjury and Obstruction of Justice by Sheriff Jim Jack." In his motion, Miller asserted that Defendant Jim Jack's ("Jack") answers to various interrogatories served in this case were false. Therefore, he sought leave to supplement his complaint to add charges of perjury and obstruction of justice against Jack.

On November 14, 2006, the Court, by order, referred all pre-trial, nondispositive motions filed in this case to United States Magistrate Judge John S. Kaull. Accordingly, after the parties fully briefed the motion, Magistrate Judge Kaull considered Miller's motion to file a supplemental complaint and issued a Report and Recommendation on March 29, 2007.

In his Report and Recommendation, the Magistrate Judge

construed Miller's motion as a motion to supplement under Federal Rule of Civil Procedure 15(d)[1] and concluded that Miller's proposed supplemental pleading would be futile because neither perjury nor obstruction give rise to a civil cause of action. Griffiths v. Siemens Automotive, L.P., 43 F.3d 1466 (4th Cir. 1994); Garay v. U.S. Bancorp, 303 F.Supp.2d 299 (E.D.N.Y. 2004). Therefore, he recommended that Miller's motion to file a supplemental complaint be denied.

On April 6, 2007, Miller filed a "Motion To Federal Judge Irene Keeley To Reconsider The 'Report and Recommendation/Opinion' Given By Judge John K[a]ull," (dkt no. 80) objecting to the Magistrate Judge's recommendations. Accordingly, the Court construes Miller's motion as timely objections to Magistrate Judge Kaull's Report and Recommendation and will review de novo any portions of the Report and Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1).

Although Miller sets forth separate objections to three portions of the Magistrate Judge's Report and Recommendation, all of his objections are directed at the Magistrate Judge's ultimate

---

[1] Under Federal Rule of Civil Procedure 15(d), a court may permit a party to serve a supplemental pleading setting forth matters which occurred subsequent to the filing of the initial complaint. Franks v. Ross, 313 F.3d 184 (4th Cir. 2002). The standard applied to a motion to supplement under Rule 15(d) is nearly identical to the standard applied to a motion to amend under Rule 15(a) because leave should be freely given unless good reason, such as prejudice to the defendants, exists. Id.

conclusion that his supplemental pleading would be futile.  First, Miller asserts that he has produced answers to interrogatories given by Jack in this case and trial testimony provided by Jack in the underlying 2005 state court action that, he contends, are inconsistent.  He notes that Jack did not produce any memoranda or transcript to refute the allegations of perjury in his motion.  According to Miller, these inconsistent statements establish that Jack has committed perjury.

Miller asserts that he has set forth a set of facts in support of his proposed perjury and obstruction of justice claims.  Moreover, he asserts that, although there may not be any basis in the current law for a civil cause of action for perjury or obstruction of justice, a court can create a new basis in law for an issue that has never come before any court.

Under Federal Rule of Civil Procedure 15, a futility analysis requires the Court to evaluate the allegations based solely on substantive law, and not the merits of the proposed claim. Rambus, Inc. v. Infineon Tech, AG, 304 F.Supp.2d 812, 819 (E.D.Va. 2004).  "When a federal court reviews the sufficiency of a complaint, . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984).  Therefore, if a proposed amendment cannot withstand a motion to

dismiss, the court may deny leave to amend. Perkins v. U.S., 848 F.Supp. 1236, 1241 (S.D.W.Va. 1994).

Miller's objection concerning the facts he has produced to support his perjury and obstruction of justice claims is clearly directed at the merits of his claim. However, when determining whether his claim is futile, the Court does not reach the issue of whether Miller has sufficiently pled factual allegations to support his claims or produced evidence to support his factual allegations. Rather, Miller must have a sufficient legal basis for his claim before he is entitled to offer evidence to support the claim.

Miller's objection concerning the Court's ability to create new law when there is no legal precedent on which to rely is also misplaced. Numerous courts have addressed similar facts and have held that perjury and obstruction of justice are criminal acts, and therefore, do not give rise to a civil cause of action. Griffiths v. Siemens Automotive, L.P., 43 F.3d 1466 (4th Cir. 1994); see also Luckett v. Bure, 290 F.3d 493 (2nd Cir. 2002). Accordingly, relevant case law exists and defeats Miller's claims.

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety (dkt no. 77), **OVERRULES** Miller's objections (dkt no. 80), and **DENIES** Miller's motion to file a supplemental complaint (dkt no. 68).

**MILLER v. JACK**                                                1:06CV64

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is **SO ORDERED.**

The Clerk is directed to provide a copy of this Order to counsel of record and the pro se plaintiff via certified mail.

DATED: April 19, 2007.

>                         /s/ Irene M. Keeley
>                         IRENE M. KEELEY
>                         UNITED STATES DISTRICT JUDGE