IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EUGENE MILLER,

        Plaintiff,

v.                   //    CIVIL ACTION NO. 1:06CV64
                                   (Judge Keeley)

SHERIFF JIM JACK,
SHERIFF'S DEPARTMENT OF
HARRISON COUNTY,
BAILIFF J.R. MOORE and
OFFICER JIM MILES,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This matter is before the Court on the defendants' motion for summary judgment. For the following reasons, the Court **GRANTS** the defendants' motion for summary judgment (dkt no. 81) and dismisses this case with prejudice.

**I. STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    On April 6, 2006, the <u>pro se</u> plaintiff, Eugene Miller ("Miller"), filed suit against the defendants in the Circuit Court of Harrison County, West Virginia, asserting that the defendants "abused their office and power and violated his civil rights." Many of the allegations in Miller's complaint concern events which allegedly occurred during and following the trial in a prior state court action, <u>Eugene D. Miller v. L&J Developers, L.L.C., Don Wilson, and Dana Lafferty</u>, Civil Action No. 04-C-630-2, Circuit Court of Harrison County, West Virginia. At the state court trial, defendant, Sheriff Jim Jack ("Sheriff Jack"), testified as a witness, and defendant, J.R. Moore ("Moore"), acted as the bailiff

<u>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

for Circuit Court Judge J. Lewis Marks, Jr.  The state court defendants ultimately prevailed on their counterclaim and obtained a $50,000 judgment against Miller.

Shortly after the conclusion of the state court trial, Miller removed some of the furniture from his house and placed it in his driveway.  Moreover, approximately 15 to 20 feet away from the stacks of furniture, he poured gasoline on and set fire to a stack of personal papers.  After Miller began removing the contents from his house, defendant, Officer Jim Miles ("Officer Miles"), visited Miller's residence on several occasions.

In his complaint, Miller asserts the following factual allegations against Sheriff Jack:

- Sheriff Jack's relatives made bogus and unofficial complaints of stalking against Miller;

- Sheriff Jack used county assets to "stalk" Miller;

- Sheriff Jack testified, in the underlying state court action, that Miller had stalked his niece despite no formal complaints being made with the police;

- Sheriff Jack stated to Miller that he thought Miller had "mental problems;"

- Sheriff Jack laughed when Miller requested that he and his deputies take a polygraph test to determine who was telling the truth;

- Sheriff Jack refused to investigate for perjury in the underlying state court action;

<u>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

- Sheriff Jack sent Officer Miles to his house;

- Sheriff Jack relayed messages over cellular phones after the underlying state court trial to avoid police radio communications;

- Sheriff Jack stated that it was Officer Miles' idea to make a statement about "suicide by cop."

- Sheriff Jack affirmed that he understood that Officer Miles asked Miller- "are you wanting us to come out here and shoot you?"; and

- Sheriff Jack admitted that he was "frustrated and pissed off" at Miller.

With respect to his factual allegations against Officer Miles, Miller alleges that Officer Miles came to his residence at the direction of Sheriff Jack and that, during those visits, Officer Miles asked him: "Are you wanting us to come out here and shoot you so you can commit suicide?" Miller also asserts that Officer Miles referred to "suicide by cop" on at least one of his visits to Miller's residence.

Finally, with respect to Moore, Miller asserts that, immediately after the conclusion of trial in the state court action, Moore relayed the following messages to Sheriff Jack:

- "Your niece Becky Hinkle did a wonderful job on the stand avoiding Mr. Miller's questions;"

- "The jurors had been on their cell phones and had wanted to award several hundred thousand dollars against Mr. Miller;"

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

- "He's still sitting in the courtroom (laughing). I'm going to give him 10 more minutes- then I'm going to tell him he has to get out;" and

- "Even Judge Marks wanted to kick Mr. Miller's ass."

According to Miller, the actions of the defendants traumatized him and caused him to seek medical help, to flee the state, and to live out of his car for a period of time.

On April 26, 2006, the defendants removed Miller's complaint to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Following the completion of discovery, on April 13, 2007, the defendants filed a motion for summary judgment. The Court issued a <u>Roseboro</u> Notice on April 16, 2007, advising the <u>pro se</u> plaintiff of his right to respond to the defendants' summary judgment motion. After being granted an extension of time, Miller filed three separate responsive pleadings[1] on May 17, 2007. On May 23, 2007, the defendants filed a reply brief in support of their summary judgment motion. Therefore, the defendants' summary judgment motion is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

---

[1] Specifically, Miller filed a "Motion for Summary Judgment Request, By the Defendants, Be Denied In Its Entirety and the Case Move Forward Towards The Trial Date," (dkt no. 100), "Rebuttal of Boyd Warner's Brief's Arguments, (dkt no. 101), and "Brief In Support Of Motion For Denial of Judgment, (dkt no. 102).

4

<u>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex</u>, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. <u>Id.</u> This means that the party opposing a properly supported motion for summary

judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.' Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248.  Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587.

### III. ANALYSIS

In their summary judgment motion, the defendants do not rebut Miller's factual allegations, but, instead, argue that, even if the Court accepts Miller's factual allegations as true, he fails to state a sufficient claim under 42 U.S.C. § 1983 because he fails to allege or offer any evidence that he was deprived of his life, liberty or property.  Specifically, the defendants assert that Miller has no evidence that he was ever arrested, taken into custody or threatened with such action.  The defendants also argue that verbal harassment or threats are insufficient to state a constitutional deprivation to give rise to a § 1983 action.

In response, Miller states that "there is so much controversy and false statements/PERJURY ALONG WITH THE CHANGING OF THE SEQUENCE OF EVENTS ONLY A TRIAL COULD RESOLVE."  He further states

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

that "[a]s to what actually occurred; IMPORTANT FACTUAL DISPUTES
EXIST AND ONLY A CONSTITUTIONAL RIGHT TO A TRIAL CAN THE FACTUAL
DISPUTES BE FULLY RESOLVED." Miller also asserts that he has 21
witnesses who will testify to the veracity of his claims against
the defendants.

Although the Court has previously held that Miller could not
amend his compliant to assert claims of perjury and obstruction of
justice, Miller continues to allege such in his responses to the
defendants' summary judgment motion. Moreover, for the first time
in this suit, Miller asserts constitutional claims concerning
freedom of expression and speech, privacy rights, access to the
courts, substantive due process and equal protection.

In light of the issues raised by the defendants' summary
judgment motion and Miller's response, the Court must first
determine what claims are presently before the Court and, then,
whether relief may be granted for those claims based on the factual
allegations asserted and the evidence offered by Miller in this
suit.

**A. Construction of Miller's Complaint**

As a pro se litigant, Miller is entitled to a liberal
construction of his pleadings. Haines v. Kerner, 404 U.S. 519,
520-21 (1972). The Court is required to hold a pro se pleading to

<u>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978), and is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).

The principles requiring liberal construction of <u>pro se</u> pleadings, however, are not without limits. <u>Gordon v. Leeke</u>, 574 at 1151. Liberal construction does not require courts to construct arguments or theories for a <u>pro se</u> plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. <u>Id.</u>

Moreover, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990).

Although Miller's complaint is replete with factual allegations against the defendants, he alleges only that the defendants abused their office and power, and, in doing so, violated his civil rights. Miller fails to allege any constitutional rights or liberty interests that he contends were violated by the defendants. Nevertheless, in his response to the

MILLER v. JACK, ET AL                                    1:06cv64

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

defendants' summary judgment motion, Miller asserts that the

defendants prevented him from having access to the courts,[2] as well

as violated his constitutional rights to free speech[3], privacy[4],

substantive due process and equal protection[5].

A liberal construction of Miller's complaint does not

establish such constitutional claims. Moreover, he raised these

claims for the first time in his response to the defendants'

_____

[2] In support of his denial of access to the courts claim, Miller fails
to allege specific facts to demonstrate that the defendants in fact denied him
access to the courts, but, instead, merely states that "their combined actions
had a fearful effect on my attempt to have access to the courts and may continue
to have in state court in the future." Moreover, the record does not establish
that the defendants hindered Miller's ability to go to trial in the underlying
state court action, and Miller originally brought the instant suit in the Circuit
Court of Harrison County before the defendants removed it to federal court.
Therefore, even if Miller had initially plead this claim in his complaint, his
denial of access to the courts claim appears to have no merit.

[3] In his response, Miller asserts that his placing of his furniture in his
yard and driveway was "symbolic speech," but he fails to allege any facts to
demonstrate that the defendants prevented him from taking such action. Notably,
the record reflects that Miller continued to remove the contents of his house and
ultimately set fire to a pile of "personal papers" in his driveway despite
Officer Miles' visits to his house. Thus, his free speech claim also appears to
be meritless.

[4] In his response, Miller asserts that the defendants violated his
privacy rights by obtaining his license plate number and gathering information
from his neighbors. "[T]here is no general constitutional right to privacy,"
Whalen v. Roe, 429 U.S. 589, 608 (1977), and, the information allegedly obtained
by the defendants is not the type that a person would have a reasonable
expectation of privacy. Walls v. City of Petersburg, 895 F.2d 188 (4th Cir.
1990). Thus, even if Miller had initially plead this claim in his complaint,
his privacy claim appears to have no merit.

[5] With respect to the substantive due process and equal protection claims
raised by Miller in response to the defendant's dispositive motion, Miller
appears to be relying on the defendants' actions in his underlying state court
action. However, in that case, Miller attacked the credibility of Sheriff Jack
during a jury trial and ultimately lost. Therefore, Miller's actual basis for
the due process and equal protection claims is, at best, unclear.

9

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

summary judgment motion.  Significantly, a plaintiff may not amend his complaint through arguments in his brief in opposition to summary judgment.  Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004); Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002); Church v. Maryland, 180 F.Supp.2d 708, 732 (D.Md. 2002)(disregarding an allegation that was raised for the first time in plaintiff's affidavit in opposition to defendants' motion for summary judgment); Marten v. Yellow Freight System, Inc., 993 F.Supp. 822, 829 (D.Kan. 1998)(finding that a claim not raised in the complaint and initially asserted in a response to a summary judgment motion is not properly before the court.)

As the Court has previously ruled, perjury does not support a civil cause of action, but, instead, is a criminal act which must be pursued through criminal prosecution.  Griffiths v. Siemens Automotive, L.P., 43 F.3d 1466 (4th Cir. 1994); see also Luckett v. Bure, 290 F.3d 493 (2d Cir. 2002).  Although Miller continues to insist on making allegations of perjury in this action, he cannot pursue such a claim in this civil lawsuit.[6]

---

[6] On June 5, 2007, Miller filed a motion requesting that the Court enter three tape cassettes into the record to establish inconsistent testimony on the part of the defendants.  Again, Miller attempts to pursue a perjury claim against the defendants. Because Miller cannot pursue a perjury claim in this civil litigation, the Court must **DENY** Miller's motion (dkt no. 111).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Th key language in Miller's complaint is "abuse of office and power" and "violation of my civil rights." Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of their constitutional rights by an official's abuse of his position. Monroe v. Pape, 365 U.S. 167, 173-74, overruled in part on other grounds, Monell v. Department of Social Services, 436 U.S. 658, 663 (1978). Therefore, a liberal construction of Miller's complaint establishes only his claims brought under § 1983. Any claims asserted by Miller outside of his complaint are not presently before the Court and will not be considered. Moreover, to determine whether Miller has alleged a sufficient claim under 42 U.S.C. § 1983, the Court will review only the allegations expressly contained in Miller's complaint that were the subject of discovery and are addressed in the defendants' summary judgment motion.

**B.    Review of Miller's § 1983 Claims**

42 U.S.C. § 1983 states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States of other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In the present matter, Miller alleges that Sheriff Jack's relatives made "bogus" complaints of stalking against him and that Sheriff Jack used county assets to have his personal assistant obtain a description of his vehicle and his license plate number. Miller, however, does not allege that Sheriff Jack pursued a formal complaint or criminal prosecution against him on the stalking claim. Notably, Miller recognizes that Sheriff Jack testified under oath that there was never an official complaint made against him. In point of fact, Miller does not allege that he was ever taken into custody or threatened to be taken into custody by Sheriff Jack on the allegedly bogus stalking complaint. Moreover, he does not allege that Sheriff Jack came upon his property, but, instead, concedes that the information about his vehicle was obtained from the public road in front of his house. Therefore, the record lacks any substantive evidence of a malicious prosecution or unlawful search and seizure by Sheriff Jack.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Miller also alleges that Officer Miles asked him, "Do you want us to come out here and shoot you so you can commit suicide?" and that Moore relayed a message to Jack that "even Judge Marks wanted to kick his ass."   Miller, however, does not allege that any physical assault or injury occurred as a result of these alleged threats.  Rather, the undisputed record demonstrates that Officer Miles visited Miller's property on several occasions as Miller continued to remove the contents from his house, but he always left the scene without taking any action against Miller.  Moreover, the statements allegedly made by Moore were never directed to Miller, but, instead, were relayed to Sheriff Jack and merely overheard by Miller.  Clearly, the record lacks evidence of any acts taken by the defendants to reinforce these threats, assuming that such statement were, in fact, threats.  It is questionable whether the defendants' statements even rise to that level.

Nevertheless, verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivation under § 1983); Fisher v. Woodson, 373

<u>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

F.Supp. 970, 973 (E.D.Va. 1973).  Nor, do mere words or threats
amount to an actionable assault under § 1983.  <u>Jones v.
Superintendent</u>, 370 F.Supp. 488, 491 (W.D.Va. 1974). "[T]he use of
vile and abusive language, no matter how abhorrent or
reprehensible, cannot form the basis for a 1983 claim." <u>Keyes v.
City of Albany</u>, 594 F.Supp. 1147 (N.D.N.Y. 1984).

"The Constitution does not protect against all intrusions on
one's peace of mind.  Fear or emotional injury which results solely
from verbal harassment or idle threats is generally not sufficient
to constitute an invasion of an identified liberty interest."
<u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir. 1991); <u>Emmons v.
McLaughlin</u>, 874 F.2d 351, 353-54 (6th Cir. 1989); <u>Lamar v. Steele</u>,
698 F.2d 1286 (5th Cir. 1983).  Therefore, a constitutional claim
based on verbal harassment or threats will fail, whether it is
asserted under the Fifth Amendment, Eighth Amendment or Fourteenth
Amendment.  <u>Ivey v. Wilson</u>, 832 F.2d at 955; <u>Patton v. Przybylski</u>,
822 F.2d 697, 700 (7th Cir. 1987); <u>Jones v. C.O. Repsch</u>, 2007 WL
509960, *2 (E.D.Pa. February 13, 2007); <u>Todd v. Kyler</u>, 2007 WL
61062, *4 (M.D.Pa. January 5, 2007).

Here, the record lacks any evidence that Officers Miles and
Moore exhibited conduct suggesting that they intended to take
action on their statements.  Moreover, even when viewed in the

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

light most favorable to Miller, the alleged statements can, at worst, be characterized as verbal harassment or idle threats that are insufficient to constitute an invasion of a liberty interest, a required element of a §1983 claim.

In addition, damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States. <u>Williams v. Gorton</u>, 529 F.2d 668 (9th Cir. 1976); <u>Ellinburg v. Lucas</u>, 518 F.2d 1196, 1197 (8th Cir. 1975); <u>Azar v. Conley</u>, 456 F.2d 1382, 1388-1389 (6th Cir. 1972). Thus, Miller's allegation concerning Sheriff Jack's statement to him that he believed Miller had mental problems also does not provide a sufficient basis for a § 1983 claim.

## IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the defendants' summary judgment motion (dkt no. 81), **DISMISSES WITH PREJUDICE** Miller's civil rights complaint and **DIRECTS** the Clerk to remove this case from its active docket. The Court **DEFERS** any decision on the defendants' request for the award of costs and **DIRECTS** the defendants to fully brief the issue if they intend to pursue such request.

It is **SO ORDERED.**

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Clerk is directed to transmit copies of this Order to counsel of record and the <u>pro</u> <u>se</u> plaintiff by certified mail.

DATED: July 12, 2007.

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE