IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE MILLER,**

        **Plaintiff,**

v. // CIVIL ACTION NO. 1:06CV64
                               (Judge Keeley)

**SHERIFF JIM JACK,**

        **Defendant.**

## ORDER DENYING MOTION FOR RECONSIDERATION

### I. Procedural Background

On July 23, 2007, pro se plaintiff, Eugene Miller ("Miller"), filed a motion for reconsideration, requesting that the Court "rescind/revoke" its July 12, 2007 Order granting summary judgment in favor of the defendants. Specifically, Miller requested that the Court reconsider its "'with prejudice' ruling" and defendants' request for reward of costs.[1] In response, the defendants assert that Miller failed to set forth any facts or extraordinary circumstances which would allow for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

Significantly, Miller fails to provide the rule under which he seeks reconsideration of the Court's July 12, 2007 Order. Motions for reconsideration served within 10 business days of judgment ordinarily fall under Fed. R. Civ. P. 59(e) while motions filed at

---

[1] The Court questions why Miller seeks reconsideration of the Court's Order with respect to the defendants' request for costs because no costs were awarded to the defendants. Rather, the Court instructed the defendants to fully brief the costs issue if they intended to pursue their request. To date, the defendants have not pursued their request for costs.

a later date fall under Fed. R. Civ. P. 60(b).  Moody v. Maynard, 105 Fed. Appx. 458 (4th Cir. 2004); Small v. Hunt, 98 F.3d 789 (4th Cir. 1996). Consequently, the Court construes Miller's motion for reconsideration as being filed under Fed. R. Civ. P. 59(e) and will address it accordingly.  However, even if the Court were to consider Miller's motion under Rule 60(b), that motion would fail for the same reasons as his motion for reconsideration.[2]

---

[2] Fed. R. Civ. P. 60(b) authorizes a court to reconsider a final judgment for:
- (1)  mistake, inadvertence, surprise, or excusable neglect;
- (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
- (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
- (4)  the judgment is void;
- (5)  the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
- (6)  any other reason justifying relief from the operation of the judgment.

While Rule 60(b)(1)-(5) enumerate specific narrow circumstances in which relief from judgment can be granted, Rule 60(b)(6) is a catchall provision that permits courts to reopen a final judgment for "any other reason justifying relief from the operation of the judgment."  In this circuit, Rule 60(b)(6) has been interpreted narrowly, granting relief only under "extraordinary circumstances" See e.g., Reid v. Angelone, 369 F.3d 363, 370 (4th Cir.2004); Valero Terrestrial Corp. v. Paige,  211 F.3d 112, 118 n. 2 (4th Cir.2000).  The decision to grant or deny a Rule 60(b)(6) motion is committed to the court's discretion. See Plaut v. Spendthrift, Inc., 507 U.S. 380, 393 (1993). Here, extraordinary circumstances do not exist upon which to justify relief from the Court's judgment against Miller.

**ORDER DENYING MOTION FOR RECONSIDERATION**

Fed. R. Civ. P. 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days[3] after entry of the judgment." Fed. R. Civ. P. 59(e).  The express language of Rule 59 does not set forth specific grounds for altering or amending a final judgment in a case.  The Fourth Circuit, however, recognizes the following three grounds for amending a judgment under Fed. R. Civ. P. 59(e):

> (1) to accommodate an intervening change in controlling law;
> (2) to account for new evidence not available at trial; or
> (3) to correct a clear error of law or prevent manifest injustice.

Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In United States v. Dickerson, 971 F.Supp. 1023 (E.D.Va. 1997), the Eastern District of Virginia aptly described the standard for reviewing a motion for reconsideration in this Circuit:

> In examining the motion to reconsider, the Court is mindful of the fact that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).  In order to support a

---

[3] Fed. R. Civ. P. 6 states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

> motion for reconsideration, 'the movant is obliged to show not only that . . . evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence at the hearing.' Boryan v. U.S., 884 F.2d 767, 771 (4th Cir. 1989) (quoting Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)). Therefore, evidence brought to the Court's attention which was available to the movant prior to an entry of judgment is not a basis for granting a motion for reconsideration as a matter of law. Id.
>
> It is within the sole discretion of the Court as to whether the granting of a motion to reconsider is appropriate. Id. at 771. A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court rethink what the Court has already thought through-rightly or wrongly. Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983).

Id. at 1024 (internal quotations omitted).

Many issues raised by Miller in his motion for reconsideration were previously considered by the Court in its Order granting the defendants' summary judgment motion. Nevertheless, the Court will address, in detail, the four specific issues presently raised by Miller.

## II. Legal Analysis

### 1.

First, Miller asserts that he failed to specifically set forth the constitutional rights or the liberty interests that he now contends were violated in his complaint because he was "in a hurry to get in and out of the courthouse for fear of being harmed or being harassed." He further states that, because all the depositions had not been taken and the state court refused to turn over the "voice tapes" of the underlying state court trial, he could not provide "all [of] the specifics" in his complaint. Based on his contentions, Miller appears to be challenging the Court's determination that he asserted only claims against the defendants under 42 U.S.C. § 1983 in his complaint and its refusal to consider the additional constitutional claims asserted for the first time in his response to the defendants' summary judgment motion.

As recognized in the Court's Order of July 12, 2007, Miller's complaint is replete with factual allegations against the defendants. Specifically, he attached a three-page, handwritten supplement to his civil complaint form that set forth specific statements allegedly made by the defendants. The supplement suggests that Miller prepared a portion of his complaint prior to filing it at the courthouse or that he spent substantial time at the courthouse providing factual support for his complaint.

**MILLER v. JACK et al**                                            1:06cv64

**ORDER DENYING MOTION FOR RECONSIDERATION**

Furthermore, Fed. R. Civ. P. 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. "[A]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). Miller alleged only that the defendants abused their office and power, and, in doing so, violated his civil rights. Significantly, he failed to allege any constitutional rights or liberty interests that he now contends were violated by the defendants. Therefore, when liberally construed, his complaint only contained claims under 42 U.S.C. § 1983.

Finally, if additional claims came to light during discovery, Miller could have requested leave to amend or supplement his complaint under Fed. R. Civ. P. 15. Miller clearly had knowledge of Rule 15 because he previously sought leave from the Court to amend his complaint to add a perjury claim against the defendants. Therefore, Miller had the opportunity to amend his complaint to add constitutional claims against the defendants, but failed to do so. Accordingly, the Court will not set aside the judgment in this case to consider claims asserted for the first time in Miller's response to the defendants' summary judgment motion.

2.

Next, Miller contends that the "unclean hands doctrine" might be appropriate because opposing counsel has repeatedly argued that certain claims must be brought against the defendants in a criminal complaint. Therefore, Miller argues that, if the Court does not reconsider its ruling, "justice won't be served before this court, if criminal charges are found to be validated at a later date."

As stated above, on several occasions, Miller sought leave to amend his complaint to pursue a perjury charge against the defendants. The Court consistently denied Miller's requests because perjury is a criminal act that may only be pursued in criminal prosecution. Griffiths v. Siemens Automotive, L.P., 43 F.3d 1466 (4th Cir. 1994); see also Luckett v. Bure, 290 F.3d 493 (2nd Cir. 2002).

In responding to Miller's motions to amend, the defendants did not admit to any improper conduct by arguing that a perjury charge may only be brought against them in a criminal complaint. Rather, their only assertion was that Miller should not be granted leave to amend his complaint because a perjury charge could not be asserted against them in this civil suit.

Furthermore, in granting the defendants' summary judgment motion, the Court viewed the allegations in Miller's complaint in the light most favorable to him and concluded that the statements

7

allegedly made by the defendants were, at worst, verbal harassment or idle threats.  Thus, Miller's evidence was insufficient to establish a claim under 42 U.S.C. § 1983.  Accordingly, if at a later date the defendants are found to have committed perjury, such a finding would not affect the Court's ruling on the defendants' summary judgment motion.

3.

Miller further asserts that, because it did not have an opportunity to consider the 100 exhibits that he intended to disclose for trial, the Court could not adequately conclude that many of his claims had no merit.  He states that exhibits were not due to the Court until August 2, 2007.[4]

After the defendants filed their summary judgment motion, the Court provided a <u>Roseboro</u> Notice that advised Miller he had a right to file counter-affidavits and other responsive materials to demonstrate a genuine issue of material fact in his case. (dkt. no. 83).  After receiving the <u>Roseboro</u> Notice, Miller sought leave to exceed the page limit applicable to responsive pleadings. (dkt. no. 90)  In support of this request, Miller stated that  he required additional pages to provide "proof," including but not limited to depositions, affidavits, and answers to interrogatories, "so that a[n] accurate picture [could] be given to [the] [C]ourt."

---

[4] It appears as though Miller is referring to the August 3, 2007 deadline to file witness and exhibit lists with the Court.

Therefore, the Court provided Miller with 10 additional pages in which to thoroughly respond to the defendants' summary judgment motion. (dkt. no. 91). Accordingly, Miller was aware that he should provide and was given the opportunity to provide responsive materials sufficient to rebut the defendants' summary judgment motion.

Moreover, Miller filed three separate responsive pleadings to the defendants' summary judgment motion: (1) "Motion for Summary Judgment Request, By the Defendants, Be Denied In Its Entirety and the Case Move Forward Towards The Trial Date," (dkt no. 100), (2) "Rebuttal of Boyd Warner's Brief's Arguments, (dkt no. 101), and (3) "Brief In Support Of Motion For Denial of Judgment, (dkt no. 102). Although the pleadings were of minimal length, Miller attached numerous summaries of depositions and conversations personally tape-recorded by him, as well as affidavits provided by third parties. Accordingly, Miller's assertion that the Court did not have sufficient evidence before it to rule on the summary judgment motion is clearly refuted by the record.

4.

Finally, Miller appears to seek relief based on his <u>pro se</u> status. The record, however, is replete with instances in which this Court has consistently taken Miller's <u>pro se</u> status into consideration and has gone beyond the normal procedures to accommodate his needs. Indeed, this Court has allowed Miller

9

every opportunity within the law to thoroughly and effectively prosecute his claims. Therefore, Miller's argument that his <u>pro se</u> status was not given the appropriate consideration is thoroughly without merit and refuted by the record.

### III. <u>Conclusion</u>

For the reasons set forth in this Order, the Court **DENIES** Miller's motion for reconsideration (dkt. no. 42). In an Order dated July 25, 2007, the Court indicated that the 30 days in which to file a notice of appeal is tolled until the resolution of a timely-filed Rule 59(e) motion. Thus, the 30-day time period in which to file a notice of appeal will begin to run upon entry of this Order.

It is **SO ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff by certified mail.

DATED: August 3, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE