IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE MILLER,**

        **Plaintiff,**

**v.**       //    CIVIL ACTION NO. 1:06CV64
                              (Judge Keeley)

**SHERIFF JIM JACK,**

        **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION FOR ALL COURT TRANSCRIPTS AT GOVERNMENT EXPENSE

On July 12, 2007, the Court granted summary judgment in favor of the defendants and entered judgment against the plaintiff, Eugene Miller ("Miller"). On August 3, 2007, Miller filed a timely notice of appeal. Shortly thereafter, in both this Court and the Fourth Circuit Court of Appeals, Miller filed a motion seeking all court transcripts at the government's expense.

Federal Rule of Appellate Procedure 10(b) states that, within 10 days after filing the notice of appeal, the appellant must "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary" or file a certificate saying that no transcript will be ordered. Fed. R. App. P. 10(b)(1)(A) & (B)(2006). Rule 10(c)(1) of the Local Rules of the Fourth Circuit Court of Appeals also states that "[t]he appellant has the duty of ordering transcript of all parts of the proceedings material to the issues to be raised on

**ORDER DENYING PLAINTIFF'S MOTION FOR ALL COURT TRANSCRIPTS AT GOVERNMENT EXPENSE**

appeal whether favorable or unfavorable to the appellant's position."  Local Rule 10 further states that, "[b]efore the transcript order is mailed, appellant must make appropriate financial arrangements with the court reporter for either immediate payment in full or in other form acceptable to the court reporter, payment pursuant to the Criminal Justice Act, or at the government's expense pursuant to 28 U.S.C. § 753(f)."

28 U.S.C. § 753(f) states:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference . . . Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes . . . <u>Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).</u>  The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f)(emphasis added). Therefore, when read together, 28 U.S.C. §753(f) and Rule 10 of both the Federal Rules of Appellate Procedure and the Local Rules of the Fourth Circuit Court of Appeals only allow a court to order the government to pay for transcripts if: (1) the appellant is proceeding in forma pauperis, (2) the trial judge or a circuit judge certifies that the appeal is not frivolous and (3) the transcript is needed to decide the issues presented by the appeal.

Here, the defendants removed Miller's complaint from the Circuit Court of Harrison County, West Virginia, and, therefore, paid the filing fee with the Court Clerk. Accordingly, Miller never sought to proceed in forma pauperis at the district court level. Furthermore, the Court's docket sheet indicates that Miller has paid in full the $455 filing fee for his appeal and, to date, has not sought to proceed in forma pauperis with the Fourth Circuit. Moreover, in the present motion, Miller simply states that he seeks court transcripts at no charge "due to bankruptcy" and fails to provide the necessary financial affidavit required for the Court to construe his motion as an application to proceed in forma pauperis on appeal. Therefore, under 28 U.S.C. § 753(f), Miller cannot seek transcripts at the government's expense.

**ORDER DENYING PLAINTIFF'S MOTION FOR ALL COURT TRANSCRIPTS AT GOVERNMENT EXPENSE**

Even if Miller proceeded <u>in</u> <u>forma</u> <u>pauperis</u> on appeal, his motion provides insufficient evidence for the Court to determine whether this case is one in which limited government resources should be spent on the preparation of transcripts. Significantly, Miller does not specify the hearings for which he seeks transcripts. A review of the docket sheet, however, establishes that the only two proceedings held in this case were the August 2, 2006 scheduling conference and the February 2, 2007 telephone hearing on Miller's discovery motions in front of United States Magistrate Judge John S. Kaull. The Court questions whether these transcripts are necessary to litigate the appeal. It, however, does not have adequate information to make such a determination because Miller has failed to advise the Court of the specific issues that he has raised on appeal. Without this information, the Court cannot determine whether Miller's appeal is frivolous or whether transcripts are necessary to litigate the appeal. Therefore, the Court **DENIES** Miller's motion for transcripts (docket no. 129).

It is **SO ORDERED.**

**MILLER v. JACK, et al**                                          1:06cv64

**ORDER DENYING PLAINTIFF'S MOTION FOR ALL COURT TRANSCRIPTS
AT GOVERNMENT EXPENSE**

The Clerk is directed to transmit copies of this Order to counsel of record and the pro se plaintiff by certified mail.

DATED: August 22, 2007.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE