```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**EUGENE MILLER,**

    **Plaintiff,**

**v.**                            **//    CIVIL ACTION NO. 1:06CV64**
                                              **(Judge Keeley)**

**SHERIFF JIM JACK, et al**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL

On August 22, 2007, the Court entered an order denying the plaintiff, Eugene D. Miller's ("Miller"), request for court transcripts at the government's expense. The bases for the Court's denial included: (1) Miller had already paid the $455 filing fee for his appeal and had not sought to proceed in forma pauperis on appeal, (2) Miller did not provide the Court with sufficient financial information to determine whether he was eligible to proceed in forma pauperis, and (3) Miller failed to provide any information from which the Court could determine whether his appeal is frivolous or whether court transcripts are necessary to litigate the issues raised on appeal. Five days later, on August 27, 2007, Miller filed a motion for reconsideration of his request for transcripts and a motion to proceed in forma pauperis with the Fourth Circuit Court of Appeals.

Although Miller has never previously requested to proceed in forma pauperis, he states that the reference in his prior motion for transcripts to the case number for his bankruptcy proceedings should have been sufficient financial information on which to

**MILLER v. JACK et al**                                               **1:06cv64**

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION
TO REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**

determine whether he is eligible to proceed in forma pauperis on appeal. Miller also states that he cannot afford to retain a lawyer to assist him in preparing a financial affidavit and that he does not understand what specific information the Court requires because it has failed to provide him with any forms.

On August 3, 2007, Miller filed his notice of appeal and paid in full the $455 filing fee for his appeal. Accordingly, the Court had no reason to provide, nor did Miller request that the Court provide, the appropriate forms to seek to proceed in forma pauperis. Moreover, a review of the record suggests that Miller only now seeks to proceed in forma pauperis on appeal so that he may request court transcripts at government cost under 28 U.S.C. § 753(f) as explained in the Court's August 22nd Order.[1]

However, Miller's reference to his pending bankruptcy case does not demonstrate that his current financial status requires that he be permitted to proceed in forma pauperis on appeal. Significantly, Miller attached to his motion an "Order To Pay Debtor's Wages To The Trustee" issued by the United States Bankruptcy Court for the District of Maryland which demonstrates

---

[1] When read together, 28 U.S.C. §753(f) and Rule 10 of both the Federal Rules of Appellate Procedure and the Local Rules of the Fourth Circuit Court of Appeals only allow a court to order the government to pay for transcripts if: (1) the appellant is proceeding in forma pauperis, (2) the trial judge or a circuit judge certifies that the appeal is not frivolous and (3) the transcript is needed to decide the issues presented by the appeal.

**MILLER v. JACK et al**                                           **1:06cv64**

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION
TO REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**

that Miller is currently employed by Verizon and must pay $350 per month to the trustee of his Chapter 13 Bankruptcy. Therefore, the Court requires additional information concerning Miller's current financial status before it can determine whether he should be permitted to proceed in forma pauperis on appeal. Accordingly, the Court directs the Court Clerk to provide Miller with the appropriate financial forms.

Were the Court to eventually permit Miller to proceed in forma pauperis on appeal, he would not automatically receive court transcripts at government cost. Rather, as set forth in its August 22nd Order, the Court would have to determine whether Miller's appeal is frivolous and whether the requested transcripts are necessary to pursue the issues raised on appeal. 28 U.S.C. § 753(f). In his motion for reconsideration, Miller simply states that, during the August 2, 2006 scheduling conference, he "expressed several concerns personally to [the Court], in addition to what was filed in my Court papers." Similarly, Miller states that, during the February 2, 2007 telephone discovery conference in front of United States Magistrate Judge John S. Kaull, " a statement was made that was significant, and the court was provided with information." Therefore, Miller once again provides insufficient evidence for the Court to determine whether this case is one in which limited government resources should be spent on the

3

**MILLER v. JACK, et al					1:06cv64**

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION
TO REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**

preparation of transcripts. Accordingly, the Court **DENIES** Miller's Motion for Reconsideration and Motion to Request To Proceed In Forma Pauperis (dkt no. 132).

It is **SO ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record, the pro se plaintiff by certified mail, and the Fourth Circuit Court of Appeals. The Clerk should also provide the financial forms that must be completed by a person seeking to proceed in forma pauperis to the pro se plaintiff.

DATED: August 28, 2007.

					/s/ Irene M. Keeley
					IRENE M. KEELEY
					UNITED STATES DISTRICT JUDGE